O’Donnell, J.,
dissenting.
{¶ 41} I respectfully dissent.
{¶ 42} Eric Long was almost 18 years old when he, Fonta Whipple, and Jashawn Clark fired assault-style weapons into a dwelling in Lincoln Heights, striking Kyrie Maxberry in the face and Mark Keeling in the spine. Days later, he participated in the killing of Scott Neblett and Keith Cobb, both of whom were shot to death with the same assault-style weapons while driving on Interstate 75 north of Cincinnati.
{¶ 43} A jury found him guilty of two counts of aggravated murder, three counts of felonious assault, two counts of having weapons while under disability, one count of improperly discharging a firearm into a habitation, one count of carrying concealed weapons, and various firearm specifications, and as a result, the trial court imposed a sentence of consecutive terms of life imprisonment without the possibility of parole on the murder counts plus an additional term of 19 years on the remaining counts and specifications, served consecutively. While there is no question that the United States Constitution permits the imposition of a sentence of life without parole on a juvenile offender convicted of murder in appropriate circumstances, the singular question presented here is whether the trial court sufficiently indicated that it had considered Long’s youth to be a mitigating factor before imposing sentence.
*491 {¶ 44} The only argument Long advanced in the trial court focused on the proposition that a juvenile offender’s youth is a mitigating factor. In his sentencing memorandum in that regard, Long asserted, “The importance of treating a defendant’s youth as a mitigating factor cannot be underestimated,” and he noted that juveniles are less mature, more impetuous, and more susceptible to outside influence and psychological damage while also lacking the experience, judgment, and capacity to control their conduct. He maintained that youth crime is not exclusively the juvenile offender’s fault, but represents a failure of family, school, and society. And he emphasized that his culpability is diminished by his youth, immaturity, and vulnerability to peer pressure from his adult codefendants. Thus, Long urged that he should not be sentenced to life in prison without the possibility of parole based on his chronological age (17 years and 9 months) at the time of his crimes.
{¶ 45} At the sentencing hearing, his defense counsel reiterated these same arguments, emphasizing that Long was a juvenile offender, contrasting his culpability with that of the adult codefendants and asking for “a glimmer of hope” and “a chance that some day he can return to society, hopefully a changed and rehabilitated man.” The state agreed that “youth is usually a mitigating factor” but discounted it, given Long’s “horrendous” juvenile record and his complete failure to show any interest in rehabilitation or to acknowledge the harm he caused.
{¶ 46} At sentencing, the trial court said that it had considered the “circumstances of [these] offenses, your history, character and condition,” and it sentenced Long to life in prison without the possibility of parole. The First District Court of Appeals affirmed, concluding that the trial court had discretion to impose life with or without parole and “was able to consider whether Long’s ‘youth and its attendant characteristics, along with the nature of his crime, made a lesser sentence (for example, life with the possibility of parole) more appropriate.’ ” 2012-Ohio-3052, 2012 WL 2550960, ¶ 52, quoting Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 2460, 183 L.Ed.2d 407 (2012). The appellate court determined that the trial court had considered those factors, because defense counsel had focused on Long’s youth as a mitigating factor and the trial court had stated it considered Long’s “history, character and condition.”
{¶ 47} This court accepted Long’s discretionary appeal on one proposition of law: “The Eighth Amendment requires trial courts to consider youth as a mitigating factor when sentencing a child to life without parole for a homicide.”
Cruel and Unusual Punishment
{¶ 48} In construing the Eighth Amendment, the United States Supreme Court adopted categorical bans on sentencing practices specially focused on juvenile offenders based on their lesser culpability and greater potential for rehabilitation. *492 In Roper v. Simmons, 543 U.S. 551, 578, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), the court held that the Eighth Amendment prohibits the imposition of capital punishment on children under the age of 18. And in Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), it concluded that the Eighth Amendment forbids a sentence of life without the possibility of parole for a juvenile convicted of a nonhomicide offense.
{¶ 49} Most recently, in Miller v. Alabama, — U.S.-, 132 S.Ct. 2455, 2460, 183 L.Ed.2d 407, the court held that a state sentencing scheme that requires “mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment’s prohibition on ‘cruel and unusual punishments.’ ” Comparing sentences of life without parole for juvenile offenders to a death sentence, the United States Supreme Court applied its precedents demanding individualized sentencing in capital cases and required that the juvenile offender have “an opportunity to advance,” and the sentencer have “a chance to assess,” any mitigating factors. Id. at 2467.
{¶ 50} The court, however, declined to categorically bar the imposition of a sentence of life without the possibility of parole on juvenile offenders, explaining that “[although we do not foreclose a sentencer’s ability to make that judgment in homicide cases, we require it to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison.” Miller at 2469. Thus, the court determined that “a judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles.” (Emphasis added.) Id. at 2475.
{¶ 51} Unlike the sentencing scheme invalidated in Miller, here, Long had “an opportunity to advance,” and the trial court had “a chance to assess,” Long’s youth as a mitigating factor. Ohio does not have a mandatory penalty scheme that requires the trial court to sentence all offenders — juvenile and adult — to life without parole in these circumstances. Rather, R.C. 2929.03(A)(1) vests the trial court with discretion to impose life imprisonment with or without the possibility of parole on an offender found guilty of aggravated murder. Thus, Ohio’s sentencing statutes do not violate Miller, which struck down only those sentencing schemes that completely foreclose the consideration of the youth of a juvenile offender.
{¶ 52} Further, nothing in Miller prescribes the weight that the court must give this mitigating factor in imposing sentence; even in the context of capital sentencing, “the Constitution does not require a State to ascribe any specific weight to particular factors, either in aggravation or mitigation, to be considered by the sentencer.” Harris v. Alabama, 513 U.S. 504, 512, 115 S.Ct. 1031, 130 *493 L.Ed.2d 1004 (1995). Rather, as we explained in State v. Jackson, 107 Ohio St.3d 53, 2005-Ohio-5981, 836 N.E.2d 1173:
We have long held that in imposing sentence, the assessment of and weight given to mitigating evidence are within the trial court’s discretion. State v. Lott (1990), 51 Ohio St.3d 160, 171, 555 N.E.2d 293. “The fact that mitigation evidence is admissible ‘does not automatically mean that it must be given any weight.’ State v. Steffen (1987), 31 Ohio St.3d 111, 31 OBR 273, 509 N.E.2d 383, paragraph two of the syllabus.” State v. Mitts (1998), 81 Ohio St.3d 223, 235, 690 N.E.2d 522.
Id. at ¶ 106. Thus, although a trial court is required to consider youth as á mitigating factor, it may exercise its discretion as to what weight it will give to that factor in connection with the other relevant sentencing factors.
{¶ 53} Nor does Miller require the court to explicitly state that it has considered any particular mitigating factor. And as we reiterated in State v. Davis, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 363, “ ‘While a sentencing court must consider all evidence of mitigation, it need not discuss each factor individually.’ State v. Phillips (1995), 74 Ohio St.3d 72, 102, 656 N.E.2d 643, citing Parker v. Dugger (1991), 498 U.S. 308, 314-315, 111 S.Ct. 731, 112 L.Ed.2d 812.” Contrary to the majority’s assertion, the trial court’s failure to “separately mention that Long was a juvenile when he committed the offense” does not mean that “we cannot be sure how the trial court applied this factor” or otherwise conduct an effective review of the sentence. Majority opinion at ¶ 27. No one disputed that Long was a juvenile, and in any case, the Supreme Court recognized in Clemons v. Mississippi, 494 U.S. 738, 750, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990), that the sentencer need not make written findings concerning mitigating circumstances in order for an appellate court to perform an effective review.
{¶ 54} Significantly, in Miller, the court implicitly recognized that although the youth of a juvenile offender is a mitigating factor, the mitigating weight of youth necessarily decreases as the offender grows older; in fact, Miller noted that there are differences between a 14-year-old offender and a 17-year-old offender and directed courts “to take into account the differences among defendants and crimes.” Miller, — U.S.-, 132 S.Ct. at 2469, 183 L.Ed.2d 407, fn. 8. Yet here, Long was only three months shy of his 18th birthday, and he presented no concrete information about his personal background or family history that would have allowed the court to evaluate his mental condition and development, maturity, and relative culpability for his crimes. Long cannot fail to present specific mitigating evidence and then fault the trial court for not considering it. *494 Compare State v. Lott, 97 Ohio St.3d 303, 2002-Ohio-6625, 779 N.E.2d 1011, ¶ 21 (“the burden of going forward with the evidence of a mental state, as a mitigating factor during a capital trial, is on the accused”).
Joseph T. Deters, Hamilton County Prosecuting Attorney, and Ronald W. Springman, Chief Assistant Prosecuting Attorney, for appellee.
Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellant.
Michael DeWine, Attorney General, and Peter K. Glenn-Applegate, Deputy Solicitor, urging affirmance for amicus curiae Ohio Attorney General.
Marsha L. Levick, urging reversal for amicus curiae Juvenile Law Center.
Kilpatrick, Townsend & Stockton, L.L.P., and Gia L. Cincone, urging reversal for amicus curiae National Association of Criminal Defense Lawyers.
{¶ 55} It cannot be assumed that the trial court ignored Long’s argument that his chronological age at the time of the offense, standing alone, sufficiently mitigates his conduct to make a sentence of life without parole inappropriate. Rather, it is manifest that whatever significance the trial court attributed to Long’s youth, it did not outweigh his “violent history and record,” his lack of remorse and likelihood to “kill again,” and the seriousness of his crimes, which involved firing assault-type weapons into an occupied dwelling and at occupants of a speeding vehicle, killing two persons and seriously injuring two others. In my view, the trial court carefully followed the law in this area and properly exercised its discretion in concluding that a sentence of life without the possibility of parole was appropriate in this case. I would therefore affirm the judgment of the court of appeals.
Kennedy, J., concurs in the foregoing opinion.